AUSTIN *v.* FELTON *et al.*

(*Circuit Court, N. D. Illinois.* January 11, 1890.)

EQUITY—SETTING ASIDE DEED—CONSIDERATION.

 In consideration of a deed of certain land, defendant assigned to complainant what purported to be a voucher of a claim against the United States. The conditions prescribed by Rev. St. U. S. § 3477, for transferring such a claim, had not been complied with. The voucher transferred to complainant was not the one issued to the original claimants, but had been surreptitiously taken from the files of the congressional committee on claims, which defendant probably knew, as also the fact that the claim it represented had been disallowed by the federal supreme court. *Held,* that the transfer to complainant did not give him even an equitable right to the payment of the voucher by special act of congress or otherwise, and that the deed was without consideration.

In Equity. Bill to set aside a deed.

*Charles H. Aldrich,* for complainant.

*Bisbee, Ahrens & Decker,* for defendants.

BLODGETT, J. This is a bill in equity to set aside a deed made March 6, 1886, by the complainant to the defendant Felton, of a tract of 351 12-100 acres of land situated in Marshall county, in this state, on the ground that the conveyance of said land to Felton was without consideration, and was obtained through fraud practiced on complainant and complainant's agent, one Henry S. Austin.

It appears from the proof in this case that the complainant was induced to convey the land in question to the defendant Felton by an assignment to him, (complainant,) as valid and genuine, of what purported to be a voucher for $10,350, issued December 28, 1865, by an agent of the treasury department of the United States, to W. H. Whiteside & Co., for charges incurred upon the seizure of certain cotton claimed by one C. M. Hervey. It is also charged that, within a few days after receiving the conveyance of the land in question from complainant, Felton mortgaged the same to the defendant Gibson, to secure the payment of $22,-000, and, after making such mortgage, conveyed the land to one Kittredge, and Gibson and Kittredge were both made parties defendant to the bill; but by a stipulation filed in the case it is admitted that this mortgage has been released, and the land reconveyed by Kittredge to Felton, and the case is to be treated and considered as between complainant and Felton alone, as if the mortgage to Gibson and conveyance to Kittredge had never been made.

Section 3477, Rev. St. U. S., makes null and void the transfer of any claim against the United States, or of any share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, except upon compliance with certain specially prescribed conditions, after the claim has been allowed; and the proof shows that this voucher had never been allowed by the proper officer of the government, and that the conditions and requirements to make a valid transfer had not been complied with; and it is therefore insisted on the part of complainant that no title to the indebtedness evidenced by said

voucher ever passed to the complainant from the original payee, thereby showing that the complainant has never received any consideration for the land in question, even if the voucher had been genuine. But the proof also shows that the practice of the department's agents in issuing this class of vouchers, and it was followed in this case, was to make the voucher in triplicate, one of which was given the payee, one kept by the agent issuing the same, and the other transmitted to the treasury department; that the voucher put upon the complainant in pretended payment for his land was not the one delivered to Whiteside & Co. as the evidence of their claim, but was one of the other members of the set of three, and which had been surreptitiously taken from the files of the congressional committee on claims, not by Whiteside & Co., but probably by one A. J. Park, and by him transferred to Felton, under such circumstances as to justify the conclusion that he (Felton) not only knew that the voucher was not genuine, but also knew that the claim of W. H. Whiteside & Co., covered by the voucher delivered to them, and another voucher for $7,006, transferred by Felton to complainant at the same time, to be collected for Felton's use, had been held by the court of claims, and the supreme court of the United States, to show no ground for legal and equitable recovery against the United States. See *Whiteside* v. *U. S.*, 93 U. S. 247. The defense interposed is that the complainant knew at the time he received the voucher in question that the claim purporting to be represented thereby had been rejected by the treasury department of the United States, and that the only value the voucher had was as a foundation for a claim to be presented to congress, and made the subject of a special bill, recognizing it as a valid claim against the government, and appropriating the necessary amount for its payment; and that the land in question was not of the value at which it was estimated by complainant's agent in the negotiations with defendant. But I am satisfied from the proof that there was no such transfer of this voucher to the complainant as clothed him with the right of Whiteside & Co. to claim even an equitable right to the payment of this voucher, by special act of congress, or otherwise. The paper transferred to the complainant was totally valueless to him, as representing either a legal or equitable claim against the United States, as, if any one has a standing to present a claim, even for relief, by a special act of congress, it is not the complainant, as the holder of this surreptitiously obtained paper, which is not a voucher, but Whiteside & Co., who are, so far as the proof shows, still the legal holders of the claim represented by the original voucher delivered to them.

As to the point that the land was not actually worth as much as it was represented to be worth by complainant or his agent, it makes no difference, for the purposes here, whether that land was worth as much as the defendant expected or not, so long as defendant gave no value whatever for it.

Therefore, without discussing the question whether an alleged claim of an individual against the government, the only expectation for payment of which is the probability or possibility of obtaining the passage

of a special act of congress, can constitute a valuable consideration, such as will support the conveyance of real estate, it is sufficient, for the purposes of this case, to find, as I do, from the proof, that the paper transferred by Felton to the complainant did not represent a claim against the United States, and gave complainant no right, either legal or equitable, to the money purporting to be represented thereby, and hence complainant has received no consideration for the conveyance of his land to the defendant, Felton, and the deed should be set aside, and the defendant compelled, by a decree of this court, to reconvey the land to the complainant. The case stands substantially as it would if the proof had shown that defendant pretended to pay for the land in money, but in fact passed upon the complainant, as genuine, counterfeited money. Story, Eq. Jur. §§ 134, 193, 246; *Warner* v. *Daniels,* 1 Woodb. & M. 90.